# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2779 SNLJ |
| | ) | |
| RANDY E. MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $11.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this § 1983 action alleging defendant Sherriff of Crawford County, Randy E. Martin's, employees at the Crawford County Jail used excessive force and placed plaintiff in a restraint chair in violation of his constitutional rights. Plaintiff specifically identifies correctional officer Diane Manley as the officer who used excessive force on December 11, 2016. Plaintiff states he was attacked by three or more additional correctional officers on February 12, 2017, but he has not identified these officers.

## Discussion

To state a claim under 42 U.S.C. § 1983, plaintiff must plead and prove that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676 (2009)). It is well established that the doctrine of respondeat superior does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Plaintiff has not alleged that defendant Sheriff Randy E. Martin was personally involved in his alleged constitutional violations. Instead, plaintiff alleges correctional officer Diane Manley and three other unnamed correctional officers were responsible for his injuries. Because

plaintiff does not allege Sheriff Martin personally violated his constitutional rights, Court will dismiss this action as to this defendant.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be considered abandoned. *Id.* Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $11.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Randy E. Martin are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint as set forth above. If plaintiff fails to timely file an amended complaint, this action is subject to dismissal without further notice.

Dated this 4th day of December, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).